IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES ex rel. VAMPIRE NATION, and FREDERICK BANKS, | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | Civil Action No. 06-936 |
| CITIFINANCIAL MORTGAGE CO., INC., GOLDBECK McCAFFERTY & MACKEEVER, LISA A. LEE, CHERYL A. DILCHUS, BETH GRADEL, and MICHAEL MACKEEVER, | ) ) ) ) ) | Judge Gary L. Lancaster/ Magistrate Judge Amy Reynolds Hay |
| Defendants | ) ) ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that, prior to service, the complaint be dismissed pursuant to the
Prison Litigation Reform Act (PLRA) for failure to state a claim upon which relief can be
granted. It is further recommended that the court decline to exercise supplemental jurisdiction
over the state law negligence claim to the extent that Plaintiff intended one.

REPORT

Frederick Banks (Plaintiff), is a convicted felon currently incarcerated at the FCI-Yazoo
City in Mississippi. The gravamen of Plaintiff's complaint is that the Defendants violated his
many rights by foreclosing on a home owned by him. However, subsequent to the filing of the
complaint, Plaintiff admitted to this court that he never owned the home being foreclosed upon.
Hence, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief can
be granted given that Plaintiff has no standing.

**Relevant Procedural History**

On July 14, 2006, Plaintiff filed a motion for leave to proceed in forma pauperis in order to prosecute a civil action which, according to the caption, purports to be a case initiated by the United States on relation of Frederick H. Banks, a/k/a/ Vampire Nation.  Plaintiff named as the Defendants: ( 1) Citifinancial Mortgage Co. Inc.;  (2) Goldbeck McCafferty & Mackeever, identified as a corporation; (3) Lisa Lee, an individual; (4) Cheryl A. Dilchus, an individual; (5) Beth Gradel, an individual; and (6) Michael Mackeever, an individual.  Citibank is apparently the mortgagee.  The remaining Defendants apparently are attorneys who represent the mortgagee in foreclosure proceedings filed in the Allegheny County Court of Common Pleas against Plaintiff's mother, whom Plaintiff avers owns the house being foreclosed upon.  In the complaint, Plaintiff complains that the Defendants harassed Plaintiff to induce him to pay $9,000.00 for alleged late payments of a mortgage for a small row house on 8th Street in the South Side neighborhood of Pittsburgh.  In referring to these actions, Plaintiff represented in the complaint that the Defendants implemented these personal and official procedures, which the court takes to mean

thereby the mortgage foreclosure proceedings implemented by the Defendants,[1] of which the

Court takes judicial notice.

      The whole factual foundation of the suit, as Plaintiff puts it, is "[b]asically, this is a race

discrimination complaint **brought by a homeowner** who resides in Western Pennsylvania

against the 'alleged' mortgage company and lawyers assisting them that are trying to foreclose on

this poor black family."  Dkt. [7] at 4 (emphasis added).   Plaintiff further alleged in the

complaint that the house that was the subject of the instant proceedings and the subject of the

mortgage and foreclosure proceedings was a "small row house on 8th Street, Pittsburgh PA[.]"

Dkt. [7] at 3.  Given that Plaintiff represented that this was a lawsuit brought by a home owner

and given that Plaintiff was the one bringing this suit and given that Plaintiff applied for in forma

pauperis status, Dkt. [1], wherein he represented that he owned no property, the court had to

assure itself that Plaintiff was eligible for IFP status, and in doing so, took judicial notice of the

fact that the public records of Allegheny County showed that a "Freddie Banks" is the record

---

[1]  The Court takes judicial notice of the fact that Citifinancial Mortgage Co., Inc. initiated
mortgage foreclosure proceedings in the Court of Common Pleas of Allegheny County at Docket Number
GD-06-001215 which was filed on January 18, 2006.  The docket in the foreclosure case is available at:

    http://prothonotary.county.allegheny.pa.us/Allegheny/CaseDetails.asp?CaseID=GD-06-001215

Although Plaintiff represents in this case that the house at 8th Street belongs to his mother, it is
interesting to note that Plaintiff identified himself as the "Defendant" in the mortgage foreclosure
proceedings.  See Docket Entry 27, at ¶ 1 ("The defendant is presently incarcerated in the Federal Bureau
of Prisons and is 'in transit'").  See also Docket Entry  No. 8 (amended certificate of service filed 2/22/07
and listing the following under the title "Name and address of Owner(s) or Reputed Owner(s):

    Freddie Banks
    #05711-068
    Federal Prison Camp, P.O. Box 200
    Waymart, PA 18472

In addition on Docket Entry No. 8, the identical information just quoted is also listed under the "Name
and address of Defendant(s) in the judgment," i.e., the judgment of foreclosure.

3

owner of the house and land located at 52 South Eighth Street, Pittsburgh, Pa. 15203 which has a total market value of $50,800.00.[2]  DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records).  Accordingly, the Court entered a show cause order requiring Plaintiff to explain his relationship to the house at 53 South Eighth Street.  Dkt. [11].  Plaintiff filed his response to the show cause order.  Dkt. [12].  Therein, Banks represents that he is not the owner of the house but that his mother is the owner of the house,[3] and that he merely lived there before he was arrested.  In fact, Plaintiff's affidavit states that

> My name is Frederick Hamilton Banks[,] the Plaintiff in this lawsuit.  I am not and never have been the owner of the home at issue in this case at 52 South 8th Street.   I was damaged because I live in the home.  My mother, Mrs[.] Freddie Banks owns the house.  I was named after my mother who has a twin brother Eddie and father who's [sic] name is Milton Banks.

Dkt. [12] at 2.

### Applicable Legal Principles

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody.  See

---

[2] The Allegheny County Real Property Records for the house at issue is found at:

http://www2.county.allegheny.pa.us/realestate/General.asp?HouseNum=52&Street=S%208th&MuniCod e=1&SingleResult=True&CurrBloLot=0003F00017000000%20%20%20%20

[3] Interestingly, although Plaintiff alleges that his mother owned the house, in bankruptcy proceedings filed in February 2005, jointly by Plaintiff's mother and a "Wilbert H. Banks," of which this court may take judicial notice, the real property located on South Eighth Street is not included in the real property section of the schedule of assets.  See In Re Banks, No. 05-22156- BM (W.D. Pa. Bnkrtcy. Dkt. [1] at unn. p. 5 Schedule A).   This is so, notwithstanding that "Freddie Banks," presumably Plaintiff's mother, allegedly purchased the house in February 2000 and continues to be the record owner according to the Allegheny County Real Estate website.

4

Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case **at any time** if the court determines that–  (A) the allegation of poverty is untrue;  or  (B) the action or appeal–  (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or  (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(emphasis added).  Here, Plaintiff has been granted IFP status, Dkt. [6], and was a prisoner at the time of initiating this suit and continues to be a prisoner within the meaning of 28 U.S.C. § 1915.[4]  Thus, Section 1915(e)(2) is applicable herein.  Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a

---

[4]  The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>See</u>, <u>e.g.</u>, <u>Powell v. Hoover</u>, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); <u>Tucker v. Angelone</u>, 954 F. Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), <u>aff'd</u>, 116 F.3d 473 (Table) (4th Cir. 1997).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice,  <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. § 1915(e). <u>See</u>, <u>e.g.</u>, <u>Lloyd v. U.S.</u>, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. <u>See</u>  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  However, the court need not accept as true any legal averments or conclusions contained in the complaint.  <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the

6

factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.") (some internal quotations omitted).

Perhaps more importantly for this case, neither does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice. See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, dismissal is proper under Rule 12(b)(6) and hence, under Section 1915(e)(2)(B)(ii), where the court determines that the facts alleged, which are not contradicted by facts of which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000).

**Discussion**

Instantly, the gravamen of the complaint is the following:

Defendants conspired to injure, oppress, threaten, and intimidate Banks in the Commonwealth of Pennsylvania in the free exercise of his right and privilege **as a homeowner** secured to him by the Constitution.

Dkt. [7] at 7. See also id. at 4 ("Basically, this is a race discrimination complaint brought by a homeowner who resides in Western Pennsylvania against the 'alleged' mortgage company and

lawyers assisting them that are trying to foreclose on this poor black family.").  The importance to the complaint of the factual averments that the Defendants acted against Plaintiff by the filing in state court of  mortgage foreclosure proceedings and by attempting to collect the debt secured by the mortgage cannot be overstated as the complaint repeatedly bases its allegations of the violation of Plaintiff's rights thereon.  See, e.g., Id. at 8 ("Defendants, under color of law . . . willfully subjected Banks in the Commonwealth of Pennsylvania, [to] the deprivation of Banks['] rights, to **home ownership** and privileges....")(emphasis added); id. at 4 (the Defendants "acted under the authority of the Law of Pennsylvania to deprive Banks of his constitutional rights to equal treatment since they did not treat white mortgage clients in the same manner."); id. at 6  (Defendants "conspired to prevent by force, intimidation, and threat, . . . and to injure Banks in Bank's [sic] person and property by taking the house on account of his lawful discharge of the reporting defendants['] fraud and injure **his** property by listing it for sale on the foreclosure market so as to molest, interrupt, hinder, or impede him in the discharge of his duties")(emphasis added).

Of course, as made clear in Plaintiff's affidavit filed in response to the Rule to Show Cause, the fundamental flaw is that the factual premise of the complaint is without foundation. That is to say, the Defendants did not take any action adverse or otherwise against **Plaintiff** when they initiated foreclosure proceedings, because Plaintiff was not the homeowner, his mother was, and hence, the foreclosure proceedings and the threatened sale of the home, of which Plaintiff was not the owner, simply does not give standing to Plaintiff to bring this suit as he has not suffered any injury cognizable in federal court.  See, e.g.,  National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 815 (2003)("To establish an Article III case or controversy, a litigant must establish that he has 'standing.' *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

To have standing, a 'plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'") ; Pennsylvania Family Institute, Inc. v. Black, ___ F.3d ___, 2007 WL 1518836, at *5 (3d Cir. 2007) ("To have standing to sue under Article III, 'a plaintiff must satisfy three constitutional preconditions: (1) a cognizable injury that is (2) causally connected to the alleged conduct and is (3) capable of being redressed by a favorable judicial decision.'").

Plaintiff, apparently sensing the significance to this case of his concession in his affidavit that he does not own the home which was the subject of the mortgage, attempted to salvage the suit by asserting that "I was damaged because I live in the home." Dkt. [12] at 2. Because the court notes that Plaintiff does not now live in the home, given that Plaintiff is living in the Federal Prison at Yazoo City, the court understands Plaintiff's claim to be that he lived in the home prior to the initiation of these proceedings and, as a tenant, was injured by the Defendants' actions. The court is unpersuaded that this provides him the necessary injury so as to give him standing in this court to bring this suit.

The Court takes judicial notice of the following facts. Plaintiff was arrested on February 12, 2003 on Criminal Case No. 03-245 (W.D. Pa.) and was sentenced on February 28, 2005 in that case to a total of sixty months of incarceration. The Defendants herein did not begin to either seek to collect the unpaid debt and/or to initiate foreclosure proceedings until January 18, 2006. See Dkt. [7] at 2 ("From January through May of 2006[,] Citifinancial Mortgage Co[.] Inc[.] [and the remaining defendants] harassed Banks, to the point of exhaustion to pay monies in an extortion scheme to profit by his misery. . . . [The Defendants] conspired to induce Banks to pay them $9,000.00 of alleged late payments of a mortgage for a small row house on 8th Street, Pittsburgh, PA"). Accordingly, Plaintiff was not damaged in any way by the foreclosure

9

proceedings because he ceased to be a tenant of the house which was the subject of the foreclosure at the latest as of February 28, 2005, nearly one full year before mortgage foreclosure proceedings were initiated in the Court of Common Pleas by the Defendants.  Hence, Plaintiff as a tenant, or more precisely, as a former tenant of the home that was the subject of the mortgage foreclosure proceedings, simply was not "injured" in the sense required to give standing to bring this suit.

Having addressed this fundamental flaw of the case, the court will now address more specifically some of the claims Plaintiff seeks to bring.  After reciting the alleged wrongdoing of the Defendants in the complaint, Plaintiff then lists several "Causes of Action."

Plaintiff's First through Fifth so-called Causes of Action, invoke 18 U.S.C. §§ 241 through 245.  These are all criminal statutes.  Plaintiff has no private cause of action under these criminal statutes and hence these claims must be dismissed for failure to state a claim upon which relief can be granted.  See, e.g, Newcomb v. Ingle, 827 F.2d 675, 677 n. 1 (10th  Cir. 1987) ("Section 241 is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private cause of action."); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir.1994) (no private cause of action under 18 U.S.C. § 242 ); Quadra v. Superior Court of City and County of San Francisco, 378 F.Supp. 605, 609 (N.D.Cal. May 16, 1974)("That section [i.e., 18 U.S.C. § 243], however, is a criminal provision prohibiting the exclusion of persons from service on federal or state grand or petit juries 'on account of race, color, or previous condition of servitude * * *' and does not provide the basis for a civil suit"); Lovoi v. Alitalia Airlines, No. 00-597, 2001 WL 1287113, *2 (E.D.La. Oct. 23, 2001)("However, Plaintiff has brought a civil action against Defendants, and these criminal code provisions [including Section 244] do not provide for a private cause of action."); Quarles v.

10

State of Texas, 312 F.Supp. 835, 837 (S.D.Tex. 1970)(holding that "18 U.S.C. 242-244 do not give this Court jurisdiction because they create only criminal jurisdiction" and dismissing the claims); Dugar v. Coughlin, 613 F.Supp. 849, 852 (S.D.N.Y.1985) ("Sections 241, 242, and 245 relate to deprivation of civil rights, however there is no private right of action under any of these statutes."); People ex rel. Snead v. Kirkland, 462 F.Supp. 914 (E.D.Pa.1978) (18 U.S.C. § 245 does not confer substantive rights nor private action for damages).

Plaintiff next cites to Section 1983 in his so-called Fifth cause of Action claiming that the "Defendants acted under color of the Commonwealth of Pennsylvania to deprive Banks of his Constitutional Rights to Equal Protection by attacking Banks through the courts because of his African American status." Dkt. [7] at 9. In his so called Sixth cause of Action Plaintiff invokes 42 U.S.C. § 1985, and claims that the Defendants "infringed on Bank's [sic] class based status in Pennsylvania as an African American to deprive him of his property rights because he is black." Id. at 10. Similarly, in his Seventh Cause of Action, Banks cites to 42 U.S.C. § 1986 and claims that "[b]y assisting Citi Financial in their unlawful intimidation[, apparently by representing Citi Financial in the mortgage foreclosure proceedings in State Court,] Defendant attorneys conspired with Citi Financial to deprive Banks of his constitutional rights. . ." Id. All of these claims are based on the factual premise that the Defendants instituted mortgage foreclosure proceedings against him and sought to deprive him of his property rights in the house being foreclosed upon. As Banks was not the mortgagor[5] given that he did not own the house and therefore could not

---

[5] See, e.g., the mortgage agreement (which is a public record and of which this court takes judicial notice) entered into between Firststar Bank (which assigned the mortgage to Citifinancial) and Freddie Banks, attached hereto as Exhibit 1 but redacted to delete social security numbers. That mortgage agreement contains the following provision: "BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property . . . ." Mortgage Agreement at p. 2. See also Hanley v. Stewart, 39 A.2d 323, 326 (Pa.Super. 1944)("'seized', used by itself, commonly refers to a possession in fee simple.").

give a mortgage in property that he did not own, and the mortgage foreclosure proceedings had to

proceed in State Court against the homeowner, which Plaintiff now admits is his mother, these

three claims fail to state a claim upon which relief can be granted and/or are factually frivolous

because their factual premises are demonstrably false in light of Plaintiff's attestations in his

affidavit in response to the Rule to Show Cause.

In his eighth Cause of Action, Plaintiff invokes 42 U.S.C. § 1997a.  Plaintiff alleges that

"[t]he Judge in the state case against Banks" is violating this section.  Dkt. [7] at 10 - 11.  Section

1997a provides in relevant part that

> Whenever the Attorney General has reasonable cause to believe that any State or
> political subdivision of a State, official, employee, or agent thereof, or other
> person acting on behalf of a State or political subdivision of a State is **subjecting
> persons residing in or confined to an institution, as defined in section 1997** of
> this title, to egregious or flagrant conditions which deprive such persons of any
> rights, privileges, or immunities secured or protected by the Constitution or laws
> of the United States causing such persons to suffer grievous harm, and that such
> deprivation is pursuant to a pattern or practice of resistance to the full enjoyment
> of such rights, privileges, or immunities, the Attorney General, for or in the name
> of the United States, may institute a civil action in any appropriate United States
> district court against such party.

42 U.S.C. § 1997a (emphasis added).  Section 1997 defines an institution as "any facility or

institution– (A) which is owned, operated, or managed by, or provides services on behalf of any

State or political subdivision of a State."  42 U.S.C. § 1997(1).  Plaintiff is confined in a Federal

prison and not an institution as defined in the statute.  Even if, however, Plaintiff satisfied this

requirement, there are still many problems with this claim, including the fact that the Judge in the

state case, i.e., the mortgage foreclosure proceedings, is not named as a defendant in this case.

Even assuming Plaintiff attempted to amend the complaint to name the State Judge, the State

Judge is not acting against Plaintiff, i.e., subjecting him to any conditions egregious or otherwise,

because Plaintiff is simply not **properly** a party to the state case (even if he is otherwise

attempting to act as an attorney representing his mother in that state case) because he is not the

mortgage holder as he did not and does not own the house being foreclosed upon.  Lastly,

Section 1997a requires the Attorney General to personally sign any complaint brought under this

section and here, no such signature appears on the complaint.

Plaintiff's Ninth Cause of Action invokes 42 U.S.C. 1997f.  This cause fails, like the

Section 1997a cause, because Plaintiff is not within an "institution" as defined by the statute and

required for its applicability.  Moreover, this section merely requires the Attorney General to

make a report to Congress.  It does not purport to give rise to any private cause of action and so

Plaintiff fails to state a claim under this section.[6]

The same reasoning with respect to not being in the required "institution" holds true of

Plaintiff's Tenth Cause of Action, which invokes 42 U.S.C. § 1997h.  In addition, Section 1997h

merely requires the Attorney General to consult with Secretaries of Health and Human Services

and of Department of Education if the institution which will be subject to the civil action,

receives financial assistance from those Departments.  Section 1997h provides no remedies for

Plaintiff.  Hence, for any or all of the foregoing reasons, the Tenth Cause of Action must be

dismissed for failure to state a claim upon which relief can be granted.

Plaintiff's Eleventh cause of Action invokes the False Claims Act, 31 U.S.C. §§ 3729 -

33. Plaintiff's Eleventh Cause of Action is based on the allegation that "[b]y subjecting Banks to

the above cited conditions [i.e., initiating mortgage foreclosure proceedings]. . . . Defendants

committed public fraud against Banks."  The Defendants have subjected Plaintiff to no

conditions because their actions in initiating foreclosure proceedings on a house owned not by

---

[6]  To the extent that Plaintiff is requesting the Attorney General to make a report to Congress on
the present civil action initiated by Plaintiff, Plaintiff's request to do so should be addressed directly to
the Attorney General.

Plaintiff but by his mother does not provide Plaintiff standing to raise any claims against the Defendants who did not take any action against him.

Plaintiff's so-called Twelfth Cause of Action is captioned "Negligence."  Plaintiff's Twelfth cause of action makes no sense because it alleges that "Defendants owed Banks a duty of due care to make sure that Banks was not overbilled for services and to provide adequate edible food and to provide a safe environment . . . [and the] defendants breached their duty of due care when they defrauded Banks of postage money and did not provide adequate food or cleaning supplies even though they were provided money from the United States to do so."  It would appear that Plaintiff mistakenly included this cause of action when it more properly pertains to one of his many other civil actions, specifically, United States ex rel. Banks v. Aramark , No. 06-1424 (W.D. Pa. Dkt. 1-2 at 10 - 11).[7]  To the extent that Plaintiff really intended to include this claim of negligence against the current Defendants, the court should decline to exercise supplemental jurisdiction over this state law claim of negligence given that all federal claims should be dismissed for failure to state a claim upon which relief can be granted.   See, e.g., Bonenburger v. Plymouth Township, 132 F.3d 20, 23 n.1 (3d Cir. 1997)("where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'")(quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)).  See also 28 U.S.C. § 1367(c)(3) which permits a district court to "decline to exercise supplemental jurisdiction over a [state law] claim ... if [it] has dismissed all

_____

[7]  In response to Plaintiff's statement that he does not know what "other proceedings have to do with the instant matter" Dkt. [12] at 1, it should now be clear to Plaintiff that familiarity with Plaintiff's other suits helps the court to understand his claims and to be aware that his "Twelfth Cause of Action" herein appears to have been inadvertently included in this case by Plaintiff's failure to carefully read and review his pleadings.

claims over which it has original jurisdiction." Here, the appropriate considerations do not provide an affirmative justification for retaining supplemental jurisdiction and deciding matters of state law, especially given the preliminary stage of the proceedings.

Although not listed as a "Cause of Action" Plaintiff invokes and quotes 42 U.S.C. § 2000b, Dkt. [7] at 2, which is a section of the law that permits the Attorney General to prosecute actions in the name of the United States, on behalf of or on the relation of, (i.e., "ex rel") individuals upon certain conditions being met. Among those conditions are that the Attorney General "certif[y] that the signer or signers of such complaint are unable, in his judgment, to initiate and maintain appropriate legal proceedings for relief and that the institution of an action will materially further the orderly progress of desegregation in public facilities." Here, there is no such certification, nor has the Attorney General initiated this suit. Hence, the "United States ex rel" should be ordered to be stricken from the caption of this suit. The complaint is filed by Frederick Banks and is being prosecuted by Frederick Banks, and not by the United States.

Similarly, in the caption of the case, Plaintiff lists "Vampire Nation" which is a merely a fictitious name by which Plaintiff did business.[8] It has no relationship with the mortgage foreclosure proceedings or an ownership interest in the property and hence should be stricken from the caption.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the

---

[8] Banks v. 3311 Carson Street, No. 04-1771 (W.D. Pa. Dkt. 174 at 3, n. 2)(recounting that Banks himself admits that Vampire Nation is a fictitious name).

date of service of the objections to respond thereto.  Failure to timely file objections may

constitute a waiver of any appellate rights.

Respectfully submitted,

*/s/  Amy Reynolds Hay*
United States Magistrate Judge


Dated:  9 July, 2007

cc:     The Honorable Gary L. Lancaster
        United States District Judge

        Frederick Banks
        05711-068
        FCI Yazoo City Low
        Federal Correctional Institution
        P.O. BOX 5000
        Yazoo City, MS  39194