IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES ex. rel. VAMPIRE NATION, and FREDERICK BANKS,<br><br>Plaintiff<br><br>vs.<br><br>CITIFINANCIAL MORTGAGE CO., INC.,<br>GOLDBECK McCAFFERTY & MACKEEVER,<br>LISA A. LEE, CHERYL A. DILCHUS,<br>BETH GRADEL, and MICHAEL MACKEEVER,<br><br>Defendants | Civil Action No. 06-936<br>Judge Gary L. Lancaster/<br>Magistrate Judge Amy Reynolds Hay |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights action was received by the Clerk of Court on July 14, 2006, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation, Dkt. [14], filed on July 9, 2007, recommended that the complaint be dismissed pursuant to the PLRA screening provisions for failure to state a claim upon which relief can be granted. Plaintiff filed in one document objections and a motion for leave to amend the complaint. Dkt. [16]. In addition, he filed a motion to disburse a lien by the United States on the home that is at issue in these proceedings, namely, the home located at 52 South Eighth Street, Pittsburgh, PA., 15203. Dkt. [15].

As to the motion to disburse, the Court notes that according to Plaintiff, the United States placed a lien against the home as part of the criminal proceedings against Plaintiff in Criminal Action 03-CR-245

(W.D. Pa.), due to Plaintiff having a forfeiture judgment of $70,000 imposed against him. Plaintiff asks this Court to order that the lien be disbursed because the Report "noted that Frederick Banks is not the owner of the property." Dkt. [15] at 1. It would be more precise to say that the Report found that Plaintiff represented to this Court that he did not own the home. In fact, the Report also noted that in the mortgage foreclosure proceedings Plaintiff represented himself to be the defendant in those proceedings. Essentially, Plaintiff is making two diametrically opposed representations in two different courts. This Court will not countenance such behavior. The United States is free to find that Plaintiff is owner of the house just as Plaintiff represented in the state foreclosure proceedings and is not required to credit Plaintiff's contrary position herein. Moreover, this is not the proper case in which to adjudicate the appropriateness of the lien. However, even if it were, the Court would not order the lien disbursed given Plaintiff's duplicitous representations. Essentially, it is not necessary to find that Plaintiff does not own the house for the present purposes. It is simply sufficient to note that Plaintiff represented to this Court that he does not own the house and so, in these proceedings, he is essentially estopped from representing otherwise. Given that he is estopped in these proceedings, the Report is correct in its analysis in concluding Plaintiff lacks standing to raise the claims in raised in the complaint.

As to the objections, the Court finds none of them to be persuasive as they are all adequately answered by the analysis in the Report save one objection, which was not addressed in the Report because Plaintiff did not raise the claim until he filed his objections.

In his objections, Plaintiff contends that the PLRA violates Equal Protection guarantees of the United States Constitution because it requires indigent prisoners to pay the filing fee over time whereas it permits indigent non-prisoners to not pay the filing fee at all. The Court finds the following analysis in Murray v. Dosal, 150 F.3d 814, 818 (8th Cir. 1998) sufficient to dispose of Plaintiff's claim:

> Prisoners are not similarly situated to non-prisoners. They have their basic costs of living paid by the government. "They often have free time on their hands that other

> litigants do not possess. As a result, the federal courts have observed that prisoner litigation has assumed something of the nature of a 'recreational activity.' " *Roller*, 107 F.3d at 234 (citations omitted). *See also Mitchell*, 112 F.3d at 1489 ("Moreover, prisoners have unique incentives to file meritless or frivolous lawsuits, e.g., to attempt to obtain a 'short sabbatical in the nearest federal courthouse,' or to harass prison officials or correctional officers." (citations omitted)).
>
> The fee requirements provide economic incentives that require prisoners to "stop and think" before filing suit. Mitchell, 112 F.3d at 1488. See also Norton, 122 F.3d at 291 ("The fee provisions of the PLRA, in a sense, level the playing field between incarcerated i.f.p. litigants and other litigants in the federal courts."). We find the fee provisions of the PLRA do not violate a prisoner's right to equal protection.

The words of the Murray Court, especially with respect to litigation as recreational activity, are most apposite to Plaintiff.

As for Plaintiff's request to amend his complaint as set forth in Dkt. [16], the Court finds that his proposed amendment would be futile, and so, denies the motion, finding, *inter alia*, that Plaintiff's status as tenant, or, more precisely, as a former tenant at the time of the foreclosure or that Plaintiff's status as one who made mortgage payments, apparently on behalf of his mother, does not give him standing in this suit to sue the Defendants who, according to Plaintiff's own words, foreclosed, not on him because he is not the homeowner but on his mother who, according to Plaintiff's own words, is the homeowner, and who is apparently, the homeowner that signed the mortgage on the house which is being foreclosed upon. See, e.g., In re Kizelnik, 190 B.R. 171 (Bankr. S.D.N.Y. 1995)(mortgagor's granddaughter did not have standing, in her capacity as tenant [i.e., as the then current tenant, as opposed to Plaintiff's status as former tenant] on mortgaged property with alleged option to purchase, to intervene in dispute between her grandfather and mortgagee, to deaccelerate long-defaulted mortgage loan, and to invoke automatic stay to prevent mortgagee from foreclosing while she voluntarily made partial payments under her Chapter 13 plan on mortgage loan to which she was stranger and for which she assumed no obligation). The facts of In re Kizelnik present even a stronger case for finding the granddaughter there had standing and still the court found she had no standing. *A fortiori*, Plaintiff herein lacks standing.

After review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 24 day of July, 2007;

**IT IS HEREBY ORDERED** that the complaint is dismissed pursuant to the PLRA.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [14],[1] filed on July 9, 2007, by Magistrate Judge Hay, is adopted as the opinion of the Court as supplemented herein.

Furthermore, Plaintiff's motion to disburse the lien, Dkt. [15], is DENIED and Plaintiff's motion to amend, Dkt. [16], is hereby DENIED as futile.

Lastly, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

Gary L. Lancaster
United States District Judge

Dated:

cc: Hon. Amy Reynolds Hay
United States Magistrate Judge

Frederick Banks
# 05711-068
FCC Yazoo City (Low)
P.O. Box 5000
Yazoo City, MS 39194-5000

---

[1] One minor typographical error is to be noted in the Report at p. 4 wherein the Report refers to the house at "53 South Eighth Street[,]" when, in fact, the house at issue is at 52 South Eighth Street.